IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSE WALLACE, Jr., #20061652, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-01058-JPG |
| | ) | |
| ALLISON ALEXANDER, | ) | |
| KENNY BENZING, | ) | |
| and RICH STEVENSON, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jesse Wallace, Jr., a detainee at Marion County Law Enforcement Center ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he has been denied medical care for COVID-19 since August 2020. (Doc. 1). He seeks money damages and medical care. (*Id.*). The Court will take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this early stage, the *pro se* plaintiff's allegations are construed liberally in his favor. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 6, 8-9): Plaintiff is suffering from a suspected case of COVID-19. (*Id*.). Within a week of transferring to the Jail in August 2020, he lost his sense of smell, experienced difficulty breathing, suffered from chest pain, and began losing excessive weight. (*Id*.). Several other inmates in his cell block (D Block) also lost their sense of smell. (*Id*.). Plaintiff is particularly vulnerable to infection because of a compromised immune system and a pancreatic cyst. (*Id*.).

On August 26, 2020, Plaintiff put in a sick call request to report his symptoms, request a test for COVID-19, and seek medical treatment at a hospital. (*Id*. at 9). A staff note indicates that Plaintiff "refused" to be seen at sick call. (*Id*.). On September 7, 2020, Plaintiff filed a grievance to complain about his symptoms and pancreatic cyst, and he again requested hospital treatment. (*Id*. at 8). A response indicates that Jail medical staff were "not currently receiving sick calls with this info" and were instead following the recommendation of the local health department to place the cell block on "23/1 isolation" for fourteen days. (*Id*.). When Plaintiff again requested hospitalization on September 13, 2020, no action was taken to diagnose or treat him. (*Id*. at 6). Plaintiff states that he directed all of his sick call requests and complaints to Nurse Allison Alexander. (*Id*. at 1, 4-5).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count in this *pro se* action:

**Count 1:** Defendants denied Plaintiff testing and treatment for a suspected case of COVID-19 and a pancreatic cyst at the Jail beginning in August 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The applicable legal standard for Count 1 depends on Plaintiff's status as a convicted person or a pretrial detainee at the time his claim arose. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claim, if he was a pretrial detainee. The allegations state a colorable claim under the Eighth and Fourteenth Amendment. Accordingly, Count 1 shall receive further review.

However, this claim cannot proceed against all of the defendants. Section 1983 creates a cause of action based on personal liability and predicated upon fault, and liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff names three individual defendants in this action: Rich Stevenson, Kenny Benzing, and Allison Alexander. However, he mentions only one in connection with his claim for the denial of medical testing and treatment for COVID-19: Allison Alexander. Accordingly, Count 1 shall proceed against Nurse Alexander, and this claim shall be dismissed without prejudice against Sheriff Stevenson and Jail Administrator Benzing.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Request for Medical Care

Due to Plaintiff's urgent request for medical care, the Clerk's Office shall be directed to separately docket a Motion for Preliminary Injunction. If Plaintiff still seeks this relief, he must file an affidavit or memorandum in support of this motion within fourteen days (on or before **October 23, 2020**). There, he should describe the exact relief he requires and the facts that support his request for interim relief at this time. If Plaintiff does not file the supporting documentation by this deadline, the Motion for Preliminary Injunction shall be denied without prejudice.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel by a pro se litigant). Plaintiff has not shown sufficient efforts to locate counsel on his own. He has also disclosed no significant barriers to self-representation (*e.g.*, educational, language, mental health, etc.), beyond his health. Despite his current complaints of poor health, however, Plaintiff has demonstrated his ability to represent himself in this matter, by filing a coherent complaint and supporting documentation that survives screening. At this early stage, his request is denied. If he requires assistance as the case proceeds, Plaintiff may file a new motion.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** will receive further review against Defendant **ALLISON ALEXANDER**, but this claim is **DISMISSED** without prejudice against Defendants **KENNY BENZING** and **RICH STEVENSON**.

The Clerk's Office is **DIRECTED** to do the following: (a) **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; (b) **ADD** a

Motion for Preliminary Injunction to the docket in CM/ECF; (c) **ADD** Defendant **KENNY BENZING (official capacity only)** as a party in CM/ECF for purposes of carrying out any injunctive relief that is ordered herein; and (d) **TERMINATE** Defendants Kenny Benzing and Rich Stevenson in their individual capacities as defendants.

Plaintiff is **ORDERED** to file an Affidavit or a Memorandum in Support of Motion for Preliminary Injunction on or before **October 23, 2020**, if he would like to pursue his request for medical treatment during the pending action. Failure to do so by this deadline shall result in dismissal of the motion without prejudice.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **KENNY BENZING** (official capacity only) and **ALLISON ALEXANDER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Alexander is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merits Review Order.**  Because Defendant Benzing is named in his official capacity for the sole purpose of carrying out any injunctive relief that is ordered, he should only file a notice of appearance.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/9/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**