# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSE WALLACE, Jr., #20061652,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-01058-JPG |
| ) | |
| **ALLISON ALEXANDER,** ) | |
| **KENNY BENZING,** ) | |
| **and RICH STEVENSON,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Jesse Wallace, Jr., filed this action under 42 U.S.C. § 1983 on October 7, 2020, for alleged violations of his constitutional rights at Marion County Law Enforcement Center. (Doc. 1). In the Complaint, Plaintiff alleged that he was denied medical care for COVID-19. (*Id*.). The Court screened the Complaint without delay. (*Id*.). One or more claims survived preliminary review under 28 U.S.C. § 1915A. (Doc. 6).

Plaintiff has since failed to prosecute his claims. The Court repeatedly advised him of his ongoing obligation to notify the Court of any address changes. (Docs. 5 and 6). He was also warned that failure to timely update his address may result in dismissal of the action for failure to comply with a court order and for failure to prosecute his claims. (*Id*.). Despite these warnings, Plaintiff did not update his address when it changed, and numerous documents were returned to the Court undeliverable. (*See, e.g.*, Docs. 20, 22, 28, and 29).

Therefore, on December 2, 2020, the Court entered the following Order to Show Cause:

ORDER TO SHOW CAUSE: Plaintiff was repeatedly advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for

>   want of prosecution. (See Docs. 5 and 6). One or more documents mailed to Plaintiff by the Court has been returned undeliverable. (See Docs. 20, 22, 28, and 29). **Plaintiff is hereby ORDERED to SHOW CAUSE on or before DECEMBER 16, 2020, why this action should not be dismissed for failure to comply with a court order and for failure to prosecute his claims. Fed. R. Civ. P. 41(b). Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action.** Id. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.

(Doc. 30). Plaintiff did not respond to the Order to Show Cause. And, in the meantime, numerous additional documents have been returned undeliverable. (Docs. 13, 25, 26, 30, and 32-34).

The Court will not allow this matter to linger any longer. The entire action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Orders to update his address (Docs. 5 and 6) or respond to the Order to Show Cause (Doc. 30). *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice."). The dismissal shall be with prejudice.

### Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Doc. 5, 6, and 30) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 12/21/2020**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**